Our system of law is premised upon the proposition that disputes shall be resolved in court and not on the street. In order for that system to work, the population must have faith that court hearings are fair, impartial, and consistent with the law. Key and central to that act of faith is the constitutionally guaranteed protection afforded by the courts of appeals reviewing all judgments. It is simply unrealistic to expect non-lawyers to have faith in a system which permits one individual to have unchecked power to manage by decree.
It is axiomatic that justice is best served when matters are resolved on their merits as opposed to procedural nuances. In the instant matter, it is abundantly clear that appellant and his lawyer never received the judgment entry which essentially rearranged the lives of every member of the Swaney family. Appellant claims the trial judge was wrong. Not surprisingly, appellee claims he was right. That is the reason we have three-member courts of appeals. To resolve these disputes so that all involved will have faith that the final judgment is not arbitrary, unreasonable or unconscionable.
Accepting the acknowledged fact that appellant and his lawyer never received the judgment entry, this court is faced with a dilemma. We can agree with the trial court judge that such a mistake is unforgivable in a legal sense, and send appellants on their way. Or, in the alternative, we can stand for the proposition that, based upon these facts, such a narrow reading of Civ.R. 60 is unreasonable.
To accept the former is to elevate form over substance. To accept the latter is to embrace the proposition that one's day in court is sacred. It is not a contest to determine who hired the best lawyer.
 ______________________________ WILLIAM M. O'NEILL, Judge